```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ADRIANO TORRES,
                                                                    REPORT AND
                              Plaintiff,                            RECOMMENDATION

              -against-                                             11-CV-4823 (SLT)

COVENANT AVIATION SECURITY,
LLC, et al.,

                              Defendants.
----------------------------------------------------------------x
```

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Adriano Torres ("plaintiff"), a Brooklyn resident, has moved to remand this removal case back to state court for lack of subject matter jurisdiction. See Notice of Motion to Remand (Dec. 7, 2011) ("Pl. Motion"), Electronic Case Filing Docket Entry ("DE") #8; Letter Motion to Remand (Jan. 27, 2012) ("Pl. Reply"), DE #16. For the reasons that follow, this Court respectfully recommends that plaintiff's motion be granted.

## FACTUAL BACKGROUND

On October 3, 2011, defendant Covenant Aviation Security, LLC ("Covenant"), an Illinois corporation, removed this personal injury action from New York State Supreme Court, Kings County, to this federal court, citing diversity of citizenship (28 U.S.C. § 1332). See Notice of Removal (Oct. 3, 2011) ¶ 2, DE #1. At the time the case was removed, defendant Elinton Concepcion ("Concepcion") had not yet been served. See id. ¶ 3.[1]

---

[1] In its removal papers, Covenant identified Concepcion as its employee, but failed to disclose that he was a resident of New York. See Notice of Removal ¶ 3.

Following an initial conference before this Court on November 17, 2011, see Minute Entry (Nov. 17, 2011), DE #7, plaintiff, citing Fed. R. Civ. P. 4(m), sought additional time to serve the summons and complaint on Concepcion, and asked that the Court remand the case back to state court for lack of complete diversity of citizenship. See Affirm. of Mariangela Chiaravalloti (Dec. 7, 2011) ¶¶ 16-19, DE #8. Covenant did not object to plaintiff's request for additional time to serve Concepcion, but asked the Court to reserve decision on the request for a remand until plaintiff effected service on Concepcion. See Reply by Covenant (Dec. 14, 2011), DE #10.

In a Memorandum and Order dated December 19, 2011, this Court granted plaintiff's Rule 4(m) request and gave plaintiff until January 30, 2012 to serve Concepcion. See Memorandum and Order (Dec. 19, 2011) at 1, DE #11. After Concepcion was served and answered the complaint (through Covenant's counsel), see generally Verified Answer (Jan. 17, 2012), DE #17, the Court issued an Order to Show Cause why plaintiff's motion to remand the case back to state court should not be granted for lack of subject matter jurisdiction. See Order to Show Cause (Jan. 17, 2012), DE #13.

Defendants' response to the Court's order does not dispute that Concepcion, like plaintiff, is a citizen of New York; rather, in an unsworn letter from defendants' counsel, defendants argue that "the joinder of Elinton Concepcion as a defendant has been made solely to defeat diversity of citizenship." Response to Order to Show Cause (Jan. 26, 2012) ("Def. Opp.") at 1, DE #15. Defendants cite the following bases for the aforesaid assumption: plaintiff's alleged lack of diligence in attempting to serve Concepcion; defendants' characterization of Concepcion as "not

a necessary party"; and the likelihood that any judgment in plaintiff's favor would be paid out of funds from Covenant's insurance policy and not from Concepcion's pocket. Id. at 1-2. Plaintiff counters that Concepcion was named as a party when the action was first filed in state court, when "[d]iversity was not even a consideration"; that in granting plaintiff's Rule 4(m) motion, this Court accepted as sufficient plaintiff's counsel's sworn factual allegations as to plaintiff's good faith efforts to locate Concepcion; and that Concepcion, the "actively negligent party" who caused plaintiff's injury, is a necessary party to this action. Pl. Reply at 2.

## DISCUSSION

Defendants cite no legal rule, caselaw, or other authority to support their opposition to a remand. Generously construed, their argument against returning to state court appears to invoke the doctrine of fraudulent joinder. According to defendants, Concepcion's presence in the action and New York citizenship should be disregarded for purposes of diversity jurisdiction because he is not a properly joined defendant. If defendants are wrong, diversity is destroyed.

Defendants' argument overlooks controlling caselaw and thus may be swiftly disposed of. As the Second Circuit has declared:

> The doctrine of fraudulent joinder is meant to prevent plaintiffs from joining non-diverse parties in an effort to defeat federal jurisdiction. Under the doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims against that defendant could be asserted in state court. The defendant bears the heavy burden of proving this circumstance by clear and convincing evidence, with all factual and legal ambiguities resolved in favor of plaintiff.

Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004) (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 461 (2d Cir. 1998)); accord Brown v. Eli Lilly

& Co., 654 F.3d 347, 356 (2d Cir. 2011). In other words, "[j]oinder will be considered fraudulent when it is established that there can be no recovery against the defendant under the law of the state on the cause alleged." Whitaker v. Am.Telecasting, Inc., 261 F.3d 196, 207 (2d Cir. 2001) (citation, brackets, and internal quotation marks omitted); accord Ulysse v. AAR Aircraft Component Servs., -- F.Supp.2d --, 2012 WL 173464, at *20 (E.D.N.Y. Jan. 23, 2012).

Defendants' perfunctory letter opposing remand does not come close to satisfying their heavy burden. Defendants make no showing -- let alone a "clear and convincing one" -- that plaintiff has no possibility of a recovery against Concepcion. The complaint alleges a common law claim of negligence against both defendants. See Compl. ¶ 27, DE #1. Defendants concede, as they must, "that there is a viable cause of action against Elinton Concepcion under New York law which would not prevent his joinder as a party . . . ." Def. Opp. at 2. The fact that Covenant "would be vicariously liable" and that Concepcion is not the proverbial deep pocket, see id., is legally immaterial. Equally irrelevant is plaintiff's alleged delay in attempting to locate Concepcion; in any event, in granting plaintiff additional time to effect service under Rule 4(m), the Court implicitly found that plaintiff had established good cause for the delay. Accordingly, the doctrine of fraudulent joinder provides no basis for federal jurisdiction in this case.

## CONCLUSION

For the foregoing reasons, this Court respectfully recommends that the District Court remand this case to state court for lack of subject matter jurisdiction.

The February 24th settlement conference is cancelled.

Any objections to the recommendations contained in this Report and Recommendation

must be filed with the Honorable Sandra L. Townes on or before **February 21, 2012**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.

**SO ORDERED.**

Dated:	Brooklyn, New York
	**February 2, 2012**


				**ROANNE L. MANN**
				**UNITED STATES MAGISTRATE JUDGE**